IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZANDA SPEARMAN, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 14-4433 |
| UNITED STATES OF AMERICA, et al., | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

In this action, Plaintiff Zanda Spearman ("Spearman") seeks damages pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. (the "FTCA"), for personal injuries she suffered when bricks from a neighboring property fell on her. Defendants the United States of America ("United States") and U.S. Department of Veterans Affairs ("VA") (collectively, the "Defendants") move to dismiss the lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction. For the reasons discussed below, Defendants' Motion to Dismiss will be granted.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

On or about September 24, 2012, Spearman was in the backyard of her home when bricks from the adjoining property, 3135 North Stillman Street in Philadelphia, Pennsylvania, fell on her, causing her injury. Compl. ¶ 7 (Doc. No. 1). On or about October 2, 2012, Spearman administratively filed a claim under the FTCA. Id. ¶ 5. The United States denied that claim. Id. ¶ 6. On July 24, 2014, Spearman brought this action under the FTCA, alleging that the United States, through the VA, owned the 3135 North Stillman Street property (the "Property") and that it had been negligent in failing to maintain the Property. Id. ¶ 9. On September 22, 2014, the United States filed its Answer to the Complaint, in which it alleged that:

> The United States is not liable to Plaintiff because neither the United States or its agency, the U.S. Department of Veterans Affairs (the "VA"), owned the subject property, 3135 N. Stillman St., Philadelphia, PA 19132, at the time of Plaintiff's alleged injury. The VA sold the property on June 24, 1996 to Countrywide Trustee Bankers Trust. The VA has no title interest in the property as all its rights and responsibilities transferred to Countrywide Trustee Bankers Trust at the time of sale.

Answer at 4-5 ¶ 11 (Doc. No. 3).

Two days after the United States filed its Answer to the Complaint, Pennsylvania's two-year statute of limitations on personal injury claims ran on Spearman's claim on September 24, 2014. 42 Pa. Cons. Stat. § 5524(7). In the course of its subsequent investigation into the claim, the United States determined that its Answer had been incorrect. In an affidavit dated November 21, 2014, a VA employee named Ronnie Lamb stated, based on a review of VA records, that the VA had not sold the Property to Countrywide Trustee Bankers Trust, but had sold it instead to Bobby Bullock ("Bullock") through an installment contract on October 13, 1981. Opp. Ex. A ¶¶ 7-8. He further attested that the installment contract was paid in full on June 25, 1996. Id. ¶ 7. At deposition, a representative of the VA testified that after Bullock paid off the installment contract, the VA executed a deed in his favor. Mot. Ex. A, at 10 (Doc. No. 26). The VA, however, never recorded the deed because Bullock failed to pay the applicable recording fee. Id. at 10-11. Subsequently, the VA closed its file on the matter. Id. at 38.

## II.     ANALYSIS

### A.     Standard of Review

The United States moves to dismiss Spearman's Complaint under Federal Rule of Civil Procedure 12(b)(1) based on lack of subject-matter jurisdiction.[1] When a party makes only a

---

[1] The VA moves to dismiss on the ground that only the United States and not a government agency is the proper party defendant under the FTCA. Galvin v. Occupational Safety & Health Admin., 860 F.2d 181, 183 (5th Cir. 1988). The VA is correct and the Plaintiff concedes that her claim against the VA must be dismissed. Opp. at 9 (Doc. No. 27).

facial challenge to subject matter jurisdiction, the court determines "only whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court." Batchelor v. Rose Tree Media Sch. Dist., 759 F.3d 266, 271 (3d Cir. 2014).  In so doing, it construes the alleged facts in favor of the plaintiff.  Constitution Party of Pa. v. Aichele, 757 F.3d 347, 258 (3d Cir. 2014).  However, when, as here, a defendant makes a factual attack on jurisdiction, the court is "permitted to make factual findings, beyond the pleadings, that [are] decisive to determining jurisdiction."  CNA v. United States, 535 F.3d 132, 145 (3d Cir. 2008).  When the court reviews a factual attack, it may consider evidence outside the pleadings.  The plaintiff then bears the burden of persuasion of establishing jurisdiction and its allegations are not entitled to a presumption of truthfulness.  United States ex rel. Zizic v. Q2Adm'rs, LLC, 728 F.3d 228, 234 (3d Cir. 2013).

### B. This Court Lacks Jurisdiction Over Plaintiff's Claim

"The United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."  United States v. Sherwood, 312 U.S. 584, 586 (1941) (citations omitted).  Under the FTCA, the United States has waived sovereign immunity by granting the district courts jurisdiction over:

> claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C.A. § 1346(b)(1).

The United States argues that it is not subject to this Court's jurisdiction under the FTCA because a private person in its position would not be liable under Pennsylvania

law for negligence in the maintenance of the Property.  It is undisputed that the VA conveyed the Property to Bullock by a deed dated June 25, 1996.  Mot. Ex. D; Opp. at 4-5.  The United States retained only title to the Property because Bullock failed to pay to have the deed recorded.  Under Pennsylvania law "title ownership is not a sufficient basis for liability; it is the *possessor* of land that bears responsibility for dangerous conditions that arise on the premises."  Williamson v. U.S. Dep't of Hous. & Urban Dev., No 87-1470, 1987 WL 15685, at *4 (E.D. Pa. Aug. 13, 1987) (emphasis in original) (citing Bagley v. Philadelphia, 25 A.2d 579, 582 (Pa. Super. Ct. 1942); Whitaker v. Hills, 430 F. Supp. 1389, 1390-91 (E.D. Pa. 1977)).  A possessor of land is one "who is in occupation of the land with intent to control it."  Williamson, 1987 WL 15685 at *4 (quoting Bloom v. Waste Mgmt., Inc., 615 F. Supp. 1002, 1007 (E.D. Pa. 1985)).

Having executed a deed to Bullock on June 25, 1996, the United States was not "in occupation of the land with intent to control it."  Nor is there any evidence that the United States had any contact with the Property after it deeded the Property to Bullock.  Therefore, under Pennsylvania law, a private person would not be liable if it were in the same circumstance as the United States.  Because a private person in the United States' position would not be liable, the waiver of sovereign immunity under the FTCA does not apply to Spearman's claim, and this Court is without jurisdiction over this case.

Spearman contends, however, that the United States should be estopped from arguing that it lacks ownership of the Property because it failed to disclose the identity of the true owner prior to the running of the statute of limitations on her claim.  Spearman argues that if the United States had diligently researched her claim when she first presented it administratively in October 2012, it would have discovered the identity of the

true owner in time for her to file an action against the owner within the applicable statute of limitations.  Opp. at 4-5.  Thus, what Spearman attempts to do is to impose by the judicial doctrine of estoppel liability on the United States that it otherwise does not have under statute.  However, under the Appropriation Clause of the United States Constitution, U.S. Const., Art 1, § 9, cl. 7, "no money can be paid out of the Treasury unless it has been appropriated by an act of Congress."  Office of Pers. Mgmt. v. Richmond, 496 U.S. 414, 424 (1990) (quoting Cincinnati Soap Co. v. United States, 301 U.S. 308, 321 (1937)).  Thus, "judicial use of the doctrine of estoppel cannot grant [Spearman] a money remedy that Congress has not authorized."  Richmond, 496 U.S. at 426.[2]  Accordingly, Spearman's estoppel argument must be rejected.

## III.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss will be granted and this case will be dismissed.  An appropriate Order follows.

BY THE COURT:

*/s/ Marilyn Heffley*
MARILYN HEFFLEY
UNITED STATES MAGISTRATE JUDGE

---

[2]   The cases upon which Spearman relies, Lafferty v. The Alan Wexler Agency, Inc., 574 A.2d 671 (Pa. Super. Ct. 1990) and Blaine v. York Financial Corp., 847 A.2d 727 (Pa. Super. Ct. 2004), are inapposite.  Both of those cases involved an effort by a plaintiff to amend the complaint, pursuant to Federal Rule of Civil Procedure 15, to substitute a party that the plaintiff had misnamed in its original complaint.  Lafferty, 574 A.2d at 672; Blaine, 847 A.2d at 729.  Neither Lafferty nor Blaine involved an attempt to hold the originally named improper party liable through estoppel.  Moreover, neither case involved an attempt to impose liability on the United States by estoppel.